J-S37031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JENNA M. BELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAYMOND D. IGNOSH, JR. | : | |
| | : | |
| Appellant | : | No. 1319 EDA 2023 |

Appeal from the Order Entered April 18, 2023
In the Court of Common Pleas of Lehigh County
Domestic Relations at DR-20-00215,
PACSES No. 668117923

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 27, 2023**

Raymond D. Ignosh, Jr. (Appellant), appeals from the order denying his exceptions to the hearing officer's report and recommendation in the underlying child support action initiated by Jenna M. Bell (Mother). We affirm.

This Court previously explained:[1]

[Mother] petitioned for modification of an existing support order. [Mother] sought from [Appellant] an increase in support payments for their two minor children. On June 9, 2020, the trial court ordered the parties to appear before a hearing officer on July 20, 2020[,] and to bring, among other things, certain documents in support of their respective incomes. Following the hearing, the

---

[1] The certified record does not include any documents filed prior to Appellant's December 21, 2022 exceptions. **_See Kessler v. Broder_**, 851 A.2d 944, 950 (Pa. Super. 2004) ("[I]t remains the appellant's responsibility to ensure that a complete record is produced for appeal." (citation omitted)). Thus, we rely primarily on information contained in this Court's prior decision, the trial court's Pa.R.A.P. 1925(a) statement, and the parties' briefs.

hearing officer prepared a report and recommendation, wherein the officer observed in pertinent part:

> The only documentation provided by [Appellant] with regard to expenditures offsetting gross receipts were exhibits D-2 through D-8. These exhibits represent payments made to the owners of insurance firms that had been acquired by [Appellant]'s business in calendar year 2018. Ordinarily, a copy of the cancelled check would be required. However, since exhibits D-2 through D-8 clearly set forth specific payments, and the reason for the payments, and the fact that these exhibits are consistent with the testimony offered by the accountant, the undersigned hearing officer will offset [Appellant]'s gross receipts based upon the expenditures set forth in D-2 through D-8. The payments represented on D-2 total $14,000.00. The payments made on D-3 total $50,000.00. The payments on D-4 total $413,333.32. The payments on D-5 total $750.00. The payments on D-6 total $70,000.00. The payments on D-7 total $25,000.00. The payments on D-8 total $22,500.00. These figures constitute the only expenses which were documented by [Appellant]. As a result, these are the only expenses that can be utilized to offset [Appellant']s gross receipts.

Summary Report, 8/13/20, at 4-5. On August 14, 2020, the trial court entered an order, largely adopting the hearing officer's recommendations. The August 14 order determined [Appellant] had a net monthly income of $73,347.70 and owed $6,976.39 in monthly support obligations. On September 1, 2020, [Appellant] filed exceptions to the trial court's August 14, 2020 order. Specifically, [Appellant] claimed that the hearing officer erred in failing to allow the record to remain open following the July 20 hearing so [Appellant] could submit copies of receipts for all expenses that were used to offset the gross income of [Appellant]'s business. In support, [Appellant] argued that, because of closures caused by COVID-19, [his] counsel missed an order directing [Appellant] to produce certain financial documents.

On November 2, 2020, the trial court granted [Appellant]'s exceptions relating solely to the hearing officer's refusal to hold open the record and vacated its August 14 order. The court

dismissed as moot [Appellant]'s remaining exceptions and remanded the matter to the hearing officer.

On May 3, 2021, the hearing officer conducted another hearing, following which the officer determined[,] on May 26, 2021[,] that [Appellant] had a net monthly income of $21,858.71 and owed $2,218.27 in support obligations. On June 3, 2021, the trial court entered an order adopting the hearing officer's May 26 recommendations.

On June 24, 2021, [Appellant] filed exceptions to the trial court's June 3 order. Specifically, [Appellant] argued that the hearing officer erred in failing to consider exhibits D-2 through D-8, relating to business expenses, which were introduced and admitted previously at the June 20, 2020 hearing. [Appellant] further argued that the hearing officer erred in failing to treat the May 3, 2021 hearing, which the trial court ordered to allow [Appellant] to introduce additional documents, as a continuation of the July 20, 2020 hearing. Thus, [Appellant] requested that the trial court remand the matter to the hearing officer for purposes of recalculating [Appellant]'s income based on previously admitted exhibits D-2 through D-8. On October 27, 2021, the trial court denied [Appellant]'s exceptions.

**Bell v. Ignosh**, 283 A.3d 412, 2377 EDA 2021 (Pa. Super. filed July 29, 2022) (unpublished memorandum at 1-3). In denying the exceptions, the trial court reasoned that it was only able to consider evidence presented during the post-remand hearing, which did not include exhibits D-2 through D-8. **Id.** (unpublished memorandum at 4).

On appeal, this Court disagreed. We stated:

The May 3, 2021[,] hearing was made necessary only because the trial court expressly granted [Appellant]'s exceptions to the August 14, 2020 order. In particular, the trial court agreed with [Appellant]'s contention that the hearing officer erred at the July 20, 2020[,] hearing when the officer failed to **allow the record to remain open** for the limited purpose of permitting [Appellant] to produce additional documents. Thus, the trial court vacated its August 14 order and **remanded** the case to the hearing officer to

allow [Appellant] an opportunity to offset the gross income of [his] business.

Contrary to the hearing officer's suggestion, the trial court did **not order a de novo hearing**. Indeed, the May 3, 2021 hearing was simply a continuation of the July 20, 2020 hearing. It was limited in scope and ordered to allow [Appellant] an opportunity to submit additional documents. As a result, we cannot accept the trial court's and the hearing officer's contention that evidence previously introduced and admitted at the initial hearing had to be re-introduced and re-admitted at the May 3, 2021 hearing. Not only can we not find any basis in law to support this contention, but to embrace it would be tantamount to sanctioning a waste of judicial resources and economy. We are not prepared to do so. Accordingly, we reverse and remand this matter to the trial court with direction to order the hearing officer to consider all previously introduced and admitted evidence from both the July 20, 2020 and May 3, 2021 hearings in calculating [Appellant]'s income and support obligations.

*Id.* (unpublished memorandum at 4-5) (emphasis in original).

As noted, the certified record is lacking, and the earliest filing is Appellant's December 21, 2022, exceptions.[2] Appellant averred the hearing officer determined Appellant's monthly income was $21,858.71, and ordered Appellant to pay monthly child support of $2,218.71. Exceptions, 12/21/22, ¶ 1. Appellant argued the hearing officer failed to follow this Court's directive

_____

[2] The reproduced record includes the trial court order following remand, which remanded the matter to the hearing officer

to conduct a resumption of the hearing held on July 20, 2020 and May 3, 2021 to allow [Appellant] an opportunity to submit copies of receipts for all expenses that were used to offset the gross income of his business and allow the parties an opportunity to present any other evidence.

Reproduced Record at 315 (trial court's remand order).

on remand, and improperly recharacterized exhibits D-2 through D-8. ***See id.***, ¶¶ 3-11. After hearing argument on Appellant's exceptions, the trial court entered the order denying the exceptions.

Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

1. Whether the trial court erred as a matter of law and abused its discretion when it denied Appellant's Exceptions and refused to consider previously properly introduced and admitted evidence of record; specifically, the trial court reevaluated and reweighed the previously admitted evidence from the first hearing, when no prior appeal was taken or exceptions filed to the properly introduced and admitted evidence of record?

Appellant's Brief at 5.

Appellant argues the trial court did not follow this Court's instructions on remand, and instead "reevaluated and re-weighed the evidence in order to calculate a new income for Appellant." ***Id.*** at 12.

We reiterate that the certified record is lacking. It is Appellant's duty to provide a complete record. ***See Kessler***, 851 A.2d at 950. Though some additional documents are included in the reproduced record, "[i]nclusion in the reproduced record is not an acceptable substitute for the original certified record." ***Id.*** (citation omitted). Critically, the certified record lacks filings, transcripts, and other evidence pertaining to the post-remand hearing before the hearing officer. Without this information, we are unable to properly review whether, or how, the hearing officer and trial court evaluated exhibits D-2

through D-8 following remand. **See Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011) (explaining it is the responsibility of the appellant, not the trial court, to provide a complete record for review). This Court has repeatedly stated, "The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined." **Id.** (citation omitted). The incomplete record in this case precludes meaningful appellate review. Thus, we conclude Appellant's issue is waived, and affirm the order denying Appellant's exceptions.[3]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023

---

[3] We further observe that Appellant fails to support his argument with citations to pertinent law and the record, as Appellant's sole reference is to the scope of a hearing officer's review. Pa.R.A.P. 2119(a) (the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Appellant's issue is waived for this reason as well. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Bombar v. West Am. Ins. Co.**, 932 A.2d 78, 93 (Pa. Super. 2007); **Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) (stating "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." (internal citation omitted)).